1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDUARDO M. SMALL and
     KATRINA M. SMALL,
11
12          Plaintiffs,                    No. CIV S-09-0458 GEB DAD PS

13          v.

14   MORTGAGE ELECTRONIC
     REGISTRATION SYSTEMS,
     INC., et al.,                         ORDER
15
            Defendants.
16   _____/

17          On October 22, 2009, plaintiffs, proceeding pro se with a civil action arising from

18   foreclosure on real property, filed a motion for summary judgment and noticed it for hearing on

19   October 30, 2009.  Although the motion is subtitled "Discovery Matter," plaintiffs assert that the

20   motion "is based upon Defendants Counsel . . . committing Perjury, heaping fraud upon the

21   court, and failing to respond to Plaintiff's affidavit in the form of an affidavit."

22          Plaintiffs' motion suffers from several defects.  First, to the extent that plaintiffs'

23   motion can be considered a motion for summary judgment, the motion is defective because such

24   a motion must be set for hearing "not less than thirty-one (31) days after mailed or electronic

25   service and filing of the motion."  Local Rule 78-230(b).  Plaintiffs filed their motion only eight

26   days prior to the proposed hearing date.  In addition, a plaintiff's motion for summary judgment

                                            1

should be brought for the purpose of obtaining judgment in the plaintiff's favor on the claims alleged in the plaintiff's complaint.  All such motions must comply with Federal Rule of Civil Procedure 56 and Local Rule 56-260.  Plaintiffs' motion does not comply with the applicable rules, and it does not appear that plaintiffs are seeking judgment in their favor on the merits of the claims alleged in their complaint.  In this case, it would also be premature for plaintiffs to file a motion for summary judgment prior to the court's disposition of defendants' pending motion to dismiss all of plaintiffs' claims for failure to state any claim upon which relief may be granted.

Second, to the extent that plaintiffs' motion can be considered a motion dealing with a discovery matter, the motion is defective because such motions must be scheduled for hearing on a calendar at least 21 days after the date of filing.  Local Rule 37-251(a).  As noted supra, plaintiffs filed their motion only eight days prior to the proposed hearing date.  In addition, motions dealing with discovery matters cannot be heard unless the parties have conferred and attempted to resolve their differences, and the parties have set forth their differences and the grounds therefor in a joint statement re discovery disagreement.  Local Rule 37-251(b).  It does not appear that plaintiffs' motion concerns a discovery disagreement, but if it does, plaintiffs have not complied with the requirements of Local Rule 37-251.

Third, to the extent that plaintiffs' motion can be construed as a counter-motion to defendants' motion to dismiss, plaintiffs' motion is defective for two reasons.  Pursuant to Local Rule 78-230(e), counter-motions must be related to the general subject matter of the original motion and must be served and filed in the manner and on the date prescribed for filing opposition to the original motion.  Here, any counter-motion to defendants' motion to dismiss was due no later than October 16, 2009.  Plaintiffs' motion was not filed on or before October 16, 2009,  and the motion does not appear to be related to the general subject matter of defendants' motion to dismiss.

For all of these reasons, plaintiffs' motion for summary judgment will not be placed on the court's calendar for hearing on October 30, 2009.

1        IT IS ORDERED that plaintiffs' October 22, 2009 motion for summary judgment

2    re discovery matter (Doc. No. 25) will not be placed on the court's law and motion calendar on

3    October 30, 2009, and the motion is denied without prejudice for the reasons set forth in this

4    order.

5    DATED: October 26, 2009.

6

7

8    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

9    DAD:kw
     Ddad1\orders.prose\small0458.ord.plmsj

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26